IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| TRACY CHARLES<br>6037 N. 11th Street<br>Philadelphia, PA 19141 | :<br>:<br>: CIVIL ACTION NO. _____ |
| SHANNA GRIFFIN<br>2768 N. Bonsall Street<br>Philadelphia, PA 19132 | :<br>: **JURY TRIAL DEMANDED**<br>: |
| ANTONIO SIMON<br>2259 Ruffner Street<br>Philadelphia, PA 19140 | :<br>:<br>: |
| Plaintiffs, | : |
| v. | : |
| PROGRESSIONS BEHAVIORAL<br>HEALTH SERVICES, INC.<br>521 Plymouth Road<br>Plymouth Meeting, PA 19462 | :<br>:<br>:<br>: |
| Defendant. | : |

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs Tracy Charles, Shanna Griffin, and Antonio Simon ("Plaintiffs") hereby bring this action against Defendant Progressions Behavioral Health Services, Inc. ("Defendant"), and allege, upon personal belief as to their own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this complaint contending that Defendant has unlawfully failed to pay them and other similarly-situated individuals employed in the positions of Behavioral Health Worker and Therapeutic Staff Support ("Class Plaintiffs"), overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the

Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*, and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.*, as well as certain wages and benefits under the WPCL.

2. Plaintiffs are current employees of Defendant who are employed in the positions of Behavioral Health Worker and Therapeutic Staff Support. During the course of their employment, Plaintiffs and Class Plaintiffs regularly worked more than forty (40) hours per week, but were not properly compensated for their work in that Plaintiffs and Class Plaintiffs were not paid an overtime premium at 1.5 times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek. In this regard, Plaintiffs contend that Defendant unlawfully failed to aggregate the hours worked by Plaintiffs and Class Plaintiffs in each of their various positions with Defendant when calculating their hours worked for purposes of determining eligibility for overtime compensation and certain employee benefits. Plaintiffs and Class Plaintiffs also contend that Defendant unlawfully failed to pay them compensation for certain work deemed "non-billable" by Defendant in violation of the FLSA, PMWA, and WPCL.

3. Accordingly, Plaintiffs contend that they are owed unpaid wages, overtime compensation, and other benefits of employment which were denied them as a result of Defendant's unlawful pay practices.

4. Plaintiffs bring this action as a representative action under the FLSA, PMWA, and WPCL for monetary damages and penalties, to seek redress for Defendant's willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

6. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction over Plaintiffs' state law claims because those claims arise out of the same nucleus of operative fact as Plaintiffs' FLSA claims.

8. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiffs are complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

9. Plaintiff Tracy Charles currently resides at 6037 N. 11th Street, Philadelphia, PA 19141.

10. Plaintiff Shanna Griffin currently resides at 2768 N. Bonsall Street, Philadelphia, PA 19132.

11. Plaintiff Antonio Simon currently resides at 2259 Ruffner Street, Philadelphia, PA 19140.

12. Upon information and belief, Defendant Progressions Behavioral Health Services, Inc., previously named Psychiatric Hospitals of Pennsylvania, Inc. and The Progressions Companies, Inc., is a for-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with an address registered with the Pennsylvania Secretary of State of 521 Plymouth Road, Plymouth Meeting, PA 19462. Upon information and belief,

Defendant operates throughout Southeastern Pennsylvania and maintains a principal place of business at 3300 Henry Avenue, Philadelphia, PA 19129.

13. Defendant is a "private employer" and covered by the FLSA.

14. Plaintiffs are employees who have been employed by Defendant during all times relevant hereto and, as such, are employees entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

15. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. Paragraphs 1 through 15 are hereby incorporated by reference as though the same were fully set forth at length herein.

17. This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiffs and all similarly situated current and former employees of Defendant.

18. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiffs bring this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the positions of Behavioral Health Worker and/or Therapeutic Staff Support, or in positions with substantially similar job duties, who worked for Defendant at any point in the past three (3) years who were paid on an hourly basis and denied overtime compensation at their regular rate of pay for all hours worked over forty (40) in a workweek ("Class Plaintiffs"). Plaintiffs contend that Plaintiffs and Class Plaintiffs were denied overtime compensation due to Defendant's policy and practice of: (a) failing to accurately track and/or aggregate the hours

worked by Plaintiffs and Class Plaintiffs in each of their positions with Defendant when calculating their eligibility for overtime compensation; and (b) failing to accurately track and compensate Plaintiffs and Class Plaintiffs for all time spent performing certain compensable work designated by Defendant as "non-billable," such as time spent traveling as part of their principal job activity, attending mandatory job-related trainings, completing paperwork and submitting reports on Defendant's client management software, and interacting with clients over the phone and through email ("Class Plaintiffs").

19. Plaintiffs estimate that there are in excess of one hundred (100) other similarly situated Behavioral Health Workers or Therapeutic Staff Supports who either are working or worked for Defendant and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described above. The precise number of employees can easily be ascertained by Defendant. These employees can be identified and located using Defendant's payroll and personnel records. Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

20. Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated. Plaintiffs and Class Plaintiffs were similarly denied overtime compensation at their regular rate of pay as a result of Defendant's failure to accurately track and/or aggregate the hours they worked in all positions for Defendant when calculating their eligibility for overtime compensation and failure to compensate them for certain compensable work designated by Defendant as "non-billable," had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendant's willful policies and

practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant has failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted Class Plaintiffs in the same fashion.

21. Plaintiffs will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

22. Paragraphs 1 through 21 are hereby incorporated by reference as though the same were fully set forth at length herein.

23. Plaintiffs bring this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendant during the past three (3) years in the position of Behavioral Health Worker and/or Therapeutic Staff Support or in positions with substantially similar job duties who were paid on an hourly basis and: (a) were denied overtime compensation for work performed in excess of forty (40) hours in a workweek; and/or (b) regularly worked at least thirty (30) hours per week but were denied paid time off benefits.

24. The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail.

25. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are question of law and fact common to the Class, including, but not limited to:

      A.      Whether Plaintiffs and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

      B.      Whether Defendant improperly failed to aggregate all hours worked by Plaintiffs and the Class in their various positions for Defendant when determining their eligibility for overtime compensation under the PMWA;

      C.      Whether Defendant was required to count the "non-billable" work performed by Plaintiffs and the Class toward their total hours worked for purposes of calculating overtime compensation under the PMWA;

      D.      Whether Defendant was required to count the "non-billable" work performed by Plaintiffs and the Class toward their total hours worked for purpose of calculating their entitled to PTO under the WPCL;

      E.      Whether Defendant failed to accurate track and maintain records of the hours worked by Plaintiffs and the Class;

      F.      Whether Plaintiffs and the Class worked in excess of forty (40) hours per week; and

      G.      Whether there existed between Plaintiffs, the Class, and Defendant a contractual obligation under the WPCL for the payment of overtime compensation for all hours worked in excess of forty (40) in a workweek.

      H.      Whether their existed between Plaintiffs, the Class, and Defendant a contractual obligation under the WPCL for the payment of paid time off benefits;

      I.      Whether Defendant failed to pay Plaintiffs and the Class wages and overtime compensation in the period when said wages became due and owing in violation of the WPCL;

J. Whether Plaintiffs and the Class have suffered and are entitled to damages, and if so, in what amount; and

K. Whether Plaintiffs and the Class are entitled to liquidated damages under the WPCL.

26. Plaintiffs' claims are typical of the claims of the Class members. Plaintiffs are current employees of Defendant employed in the position of Behavioral Health Worker and/or Therapeutic Staff Support who have suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to pay wages and overtime compensation. Defendant's conduct of violating the PMWA and WPCL has affected Plaintiffs and the Class in the exact same way.

27. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs are similarly situated to the Class and have no conflict with the Class members.

28. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in class action litigation.

29. Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A. The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

B. Defendant, by failing to pay wages and overtime compensation when they became due and owing in violation of the PMWA/WPCL, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

   C. The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

  30. A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## FACTUAL BACKGROUND

  31. Paragraphs 1 through 30 are hereby incorporated by reference as though the same were fully set forth at length herein.

  32. Plaintiff Tracy Charles ("Plaintiff Charles") began her employment with Defendant in or around May 2012, when she was hired as a Therapeutic Staff Support ("TSS") at Defendant's Philadelphia office.

33. In or around January 2013, Plaintiff Charles acquired the additional position of Behavioral Health Worker ("BHW"), which she has held concurrently with her TSS position from January 2013 to the present.

34. Plaintiff Antonio Simon ("Plaintiff Simon") began his employment with Defendant in or around January 2013, when he was hired as a TSS at Defendant's Philadelphia office.

35. In or around February 2013, Plaintiff Simon acquired the additional position of BHW, which he has held concurrently with his TSS position from February 2013 to the present.

36. Plaintiff Shanna Griffin ("Plaintiff Griffin") first began her employment with Defendant as a TSS in or around 2008, eventually returning to work for Defendant in or around 2011 following a hiatus in her employment with Defendant.

37. In or around 2012, Plaintiff Griffin acquired the additional position of BHW, which she has held concurrently with her TSS position from 2012 to the present.

### Facts Pertaining to Plaintiff's Collective/Class Claims for Unpaid Overtime Compensation under the FLSA/PMWA

38. Paragraphs 1 through 37 are hereby incorporated by reference as though the same were fully set forth at length herein.

39. In their capacities as Behavioral Health Workers, Plaintiffs and Class Plaintiffs provide clinical behavioral health services for clients in Defendant's School Therapeutic Services ("STS") Department, assisting Defendant's Lead Clinicians in providing behavioral modification and crisis management services.

40. In their capacities as Therapeutic Staff Support, Plaintiffs and Class Plaintiffs provide clinical behavioral health services for clients in Defendant's Behavioral Health

Rehabilitation Services Department, helping to implement the treatment plans developed by Defendant.

41. Plaintiffs' and Class Plaintiffs' primary job responsibilities in their capacities as Behavioral Health Worker and Therapeutic Staff Support include meeting and interacting with clients, family members, and/or school personnel through face-to-face encounters as well as through email, phone conversations, and text messaging, filling out paperwork, and writing progress notes.

42. Plaintiffs and Class Plaintiffs provide the aforementioned services on a schedule determined by Defendant, who instructs Plaintiffs and Class Plaintiffs where and when to report to work.

43. For example, when performing the role of Behavioral Health Worker, Plaintiffs and Class Plaintiffs are generally required to report to their assigned school locations by 8:30 am and to participate in a series of conferences and treatment sessions scheduled by Defendant, who also limits the amount of time Plaintiffs and Class Plaintiffs are permitted to spend with each client.

44. Plaintiffs and Class Plaintiffs are then generally required to remain on school premises until 3:00 pm.

45. Defendant maintains similar control over the manner by which Plaintiffs and Class Plaintiffs perform their duties as Therapeutic Staff Support, in that Defendant is responsible for assigning clients to Plaintiffs and Class Plaintiffs and determining the scheduling and length of appointments.

46. Plaintiffs are required to perform the aforementioned work in accordance with certain specific guidelines, protocols, and trainings provided by Defendant.

47. Plaintiffs also receive annual performance evaluations from Defendant, along with performance feedback, coaching, and discipline for failing to perform in accordance with Defendant's expectations.

48. Defendant's BHWs are/were compensated on an hourly basis for work deemed by Defendant to be "billable" during their scheduled shifts (i.e. generally 9:00 am to 3:00 pm).

49. Defendant's TSS are/were compensated on an hourly basis for work deemed by Defendant to be "billable" when providing services for Defendant's BHRS Department.

50. During a typical workday, Monday through Friday, Plaintiffs, and upon information and belief, Class Plaintiffs who worked as both BHWs and TSSs, typically began working at or before 8:30 am, when they were required to arrive at their assigned school. Plaintiffs then typically continued to work at their assigned school until at around 3:00 pm, whereupon they began to transition to their work as TSSs, traveling from location to location providing services for Defendant. Although Plaintiffs typically leave their final BHRS appointment around 5:30 pm or 7:30 pm, depending on their number of assigned clients, they are generally required to spend several additional hours each day filling out paperwork, completing progress notes, and entering information into Defendant's client management software.

51. As a result, during a typical workweek, Plaintiffs – and, upon information and belief, Class Plaintiffs – perform, on average, approximately thirty (30) hours of "billable" work in their capacities as BHWs and approximately ten (10) to twenty-five (25) hours of "billable" work in their capacities as TSSs.

52. Accordingly, during a typical workweek, Plaintiffs – and, upon information and belief, Class Plaintiffs employed as both BHWs and TSSs – perform, on average, approximately forty (40) to fifty-five (55) hours of "billable" work, although Plaintiffs, and, upon information

and belief, Class Plaintiffs often worked in excess of sixty (60) hours of "billable" work per week.

53. However, despite regularly working well over forty (40) billable hours per week, when Plaintiffs' and Class Plaintiffs' BHW and TSS hours are combined, Plaintiffs and Class Plaintiffs did not receive overtime compensation for the combined billable hours they worked over forty (40) in a workweek.

54. Upon information and belief, Defendant has maintained a policy and practice of unlawfully separating the hours worked by Plaintiffs and Class Plaintiffs in the positions of BHW and TSS when calculating their eligibility for overtime compensation.

55. Defendant willfully failed to aggregate the hours worked by Plaintiffs and Class Plaintiffs across their multiple positions with Defendant in order to avoid their obligations to pay overtime compensation under the FLSA and PMWA.

56. Upon information and belief, Defendant also regularly failed to pay Plaintiffs and Class Plaintiffs overtime compensation even if their hours exceeded forty (40) in just one of their job classifications.

57. For example, during the pay period of July 18, 2015 to July 31, 2015, Plaintiff Griffin worked one hundred and two (102) billable hours performing Group TSS work for Defendant, but received only straight time for her hours worked.

58. As a result of the aforesaid practices, Plaintiffs and Class Plaintiffs have been denied overtime compensation for billable hours worked over forty (40) in a workweek.

59. By way of example, during the workweek of January 9, 2016 to January 15, 2016, Plaintiff Charles worked at least thirty (30) billable hours in the position of BHW and twenty-one and a half (21.5) hours in the position of TSS, for a total of approximately fifty-one and a

half (51.5) billable hours. However, Plaintiff Charles was paid only straight time for her BHW and TSS hours worked, receiving no overtime compensation.

60. In addition to her billable hours worked, Plaintiff Charles also performed approximately fifteen and a half (15.5) non-billable hours of work during the workweek of January 9, 2016 to January 15, 2016, including, but not limited to, writing progress notes, writing and responding to work emails, communicating with clients and family and community members through phone and text message, and traveling from worksite to worksite for Defendant, for which she received no compensation, let alone overtime.

61. By way of further example, during the pay period of September 27, 2014 to October 10, 2014, Plaintiff Griffin worked at least sixty-five (65) hours in the position of TSS and forty-five (45) hours in the position of BHW, plus an additional four (4) hours attending supervision, for a total of one hundred and fourteen (114) hours during the pay period. As a result, Plaintiff Griffin worked <u>at least</u> thirty four (34) hours of overtime during said pay period, but received no overtime compensation.

62. In addition to her billable hours worked, Plaintiff Griffin also performed approximately thirty three (33) non-billable hours of work during the pay period of September 27, 2014 to October 10, 2014, including, but not limited to, writing progress notes, writing and responding to work emails, communicating with clients and family and community members through phone and text message, and traveling from worksite to worksite for Defendant, for which she received no compensation, let alone overtime.

63. By way of further example, during the workweek of May 21, 2016 to May 27, 2016, Plaintiff Simon worked at least thirty (30) billable hours in the position of BHW and thirty (30) hours in the position of TSS, for a total of approximately sixty (60) billable hours.

However, Plaintiff Simon was paid only straight time for his BHW and TSS hours worked, receiving no overtime compensation.

64. In addition to his billable hours worked, Plaintiff Simon also performed approximately eighteen (18) non-billable hours of work during the workweek of May 21, 2016 to May 27, 2016, including, but not limited to, writing progress notes, writing and responding to work emails, communicating with clients and family and community members through phone and text message, and traveling from worksite to worksite for Defendant, for which he received no compensation, let alone overtime.

65. From May 2014 to the present, Plaintiffs, and upon information and belief, Class Plaintiffs employed as both BHWs and TSS regularly worked approximately twelve (12) to eighteen (18) hours of work deemed "non-billable" by Defendant for which they received no compensation.

66. By correspondence dated April 12, 2017, Defendant announced that it would **begin** paying "all non-exempt employees . . . for all time considered non-billable activities" in order to "ensure that non-exempt employees are paid for all worked time including non-billable activities."

67. Plaintiffs and Class Plaintiffs are/were paid on an hourly basis, and, as such, do not qualify for the executive, administrative, or professional exemptions under the FLSA/PMWA.

68. Plaintiffs and Class Plaintiffs also do not have the authority to hire, fire, or discipline other employees of Defendant, nor do they make recommendations with respect to employee status changes to which Defendant gives substantial weight.