IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRACY CHARLES, et. al.<br><br>Plaintiff,<br><br>vs.<br><br>PROGRESSIONS BEHAVIORAL HEALTH SERVICES, INC.,<br><br>Defendant. | EDPA NO.: 2:17-CV-02439-JP |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO PROCEED AS A COLLECTIVE ACTION AND FACILITATE NOTICE UNDER 29 USC §216(b)**

Susan M. Valinis, Esquire
Identification No. 86685
svalinis@rjm-law.com
Leah A. Lewis, Esquire
Identification No. 311566
llewis@rjm-law.com
Reilly, Janiczek, McDevitt,
Henrich & Cholden, P.C.
The Widener Building, Suite 410
One South Penn Square
Philadelphia PA  19107
Tel (215) 972-5200
Attorneys for Defendant Progressions
Behavioral Health Services, Inc.

# **Table of Contents**

I.        **Introduction** …………………………………………………………..1

II.       **Factual Background** ……………………………………………………….2

III.     **Legal Argument** ………………………………………………………3

      A.      **Conditional Certification is Not Automatic and Should Not Be Granted Lightly** ……………………………………………3

      B.      **Plaintiffs Fail to Meet Even the Modest Burden of Showing a Prospective Collective of Similarly Situated Individuals …….6**

      C.      **Assessment of the Amounts Due to Remedy the perceived Error Requires Individual Analysis …………………………..…8**

      D.      **Plaintiffs Suggested Notice is Deficient and Prejudicial ……..9**

# Table of Authorities

Page(s)

**Wright v. Lehigh Valley Hosp.,** 2010 U.S. Dist. LEXIS 86915 (E.D. Pa. 2010) (Schiller, J.) ................. 4

**Hoffman-La Roche, Inc. v. Sperling,** 493 U.S. 165, 169, 110 S. Ct. 482, 486, 107 L. Ed. 2d 480 (1989). .................................................................................................................................................4, 6

**Zavala v. Wal-Mart Stores Inc.,** 691 F.3d 527, 536 (3d Cir. 2012) ............................................................ 4

**Freeman v. Wal-Mart Stores, Inc.,** 256 F. Supp. 2d 941, 944 (W.D. Ark. 2003) ...................................4, 5

**Smith v. Sovereign Bancorp., Inc.,** 2003 U.S. Dist. LEXIS 21010, *6-10 (E.D.Pa. 2003).....................5, 6

**Bramble v. Wal-Mart Stores, Inc.,** 2011 U.S. Dist. LEXIS 39457, *18 (E.D.pa. 2011) (O'Neill, J.) . 5, 7, 8

**Trinh v. JP Morgan Chase & Co.,**  2008 U.S. Dist. LEXIS 33016 (S.D. Cal. 2008) ................................ 5

**Villnueva-Bazaldua v. TruGreen Ltd. Ptnrs,** 479 F. Supp. 2d 411, 418 (D. Del. 2007) ........................... 5

**Symczyk v. Genesis HealthCare Corp.,** 656 F.3d 189, 193 - 194 (3d Cir. 2011) ...................................... 6

**Colson v. Avnet, Inc.,** 687 F. Supp. 2d 914, 929-30, 2010 U.S. Dist. LEXIS 12620, *37, 15 Wage & Hour Cas. 2d (BNA) 1739 ......................................................................................................................... 7

**Bunyan v. Spectrum Brands, Inc.,** No. 07-0089, 2008 U.S. Dist. LEXIS 59278 (S.D. Ill. Jul. 31, 2008 . 7

**Chandler v. Heartland Employment Servs., LLC,** 2014 U.S. Dist. LEXIS 59113 (E.D. Pa. 2014) (Restrepo, J.)......................................................................................................................................8, 9

**Dunkel c. Warrior Energy Servs.,** 304 F.R.D. 193 (W.D.Pa. 2014) ....................................................9, 10

I.   **Introduction**

Progressions Behavioral Health Services, Inc. ("Progressions"), by and through its undersigned counsel, hereby opposes Plaintiffs' Motion to Proceed as a Collective Action and Facilitate Notice Under 29 U.S.C. § 216(b). Plaintiffs fail to demonstrate similarly situated employees exist as required for conditional certification of the proposed collective under the Fair Labor Standards Act ("FLSA").

Plaintiffs, Tracey Charles, Shanna Griffin and Antonio Simon are employed concurrently as Behavioral Health Workers (BHW) and Therapeutic Staff Support (TSS). The collective presented to the Court broadly attempts to include employees not in the same concurrent roles. Moreover, the claimed issues are not common among the group of proposed members of the collective and would require individualized assessment.

Before the Court is a fairly unique set of facts. In the Spring of 2017, Progressions attempted to correct a perceived error in its calculation of employee time. See, Docket Number (D.N.) 24-3, pp. 2-6. In doing so, Progressions requested all employees to submit their "non-billable" time for the preceding two years. Progressions also implemented a new time entry system, E-time, to more accurately track employee "billable" and "non-billable" time. Id.

For Plaintiffs Charles, Griffin and Simon, the calculations involved compensation for "billable" hours worked beyond forty (40) hours in one work week. Progressions attempted to pay Plaintiffs for over-time for those "billable" hours worked beyond forty (40) hours. See, D.N. 24-2, pp. 1-12.  Plaintiffs all admit to receiving remedial checks for "billable" overtime hours from Progressions. Id. Plaintiffs presently dispute the accuracy of the amount of the remedial overtime calculation. Id. Plaintiffs now seek conditional

1

certification of the following FLSA collective:

> All persons presently or formerly employed by Defendant in the positons of Behavioral Health worker and/or Therapeutic Staff Support who performed at least thirty-two (32) hours of "billable" work in two (2) or more workweeks from May 30, 3014 to the present

See, D.N. 24-1, p. 3.[1]

## II. Factual Background

By their complaint, Tracy Charles, Shanna Griffin and Antonio Simon, purport to represent a collective of employees aggrieved under the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("MWA") and the Pennsylvania Wage Payment and Collection Law ("WPCL").

By their own declarations, the evidence shows that the Plaintiffs all:

- work concurrently in BHW and TSS roles;
- work in Philadelphia; and
- regularly worked more than 40 "billable" hours a week.

See, D.N. 24-2, pp. 1-12. From the evidence supplied, Plaintiffs are claiming that Defendants:

- did not pay them overtime when their aggregate "billable hours" as BHW and TSS exceeded 40 hours per week;
- did not pay them for "non-billable" time; and,
- in trying to provide a remedy, Defendants did not pay them the total amount of overtime compensation owed for "billable" hours.
.

Id. Plaintiffs declarations do not address whether or not Plaintiffs availed themselves of the mechanism provided by Defendant to remedy the perceived error related to "non-billable" time. Id.

Plaintiffs' declarations show that they individually regularly worked more than forty (40) "billable" hours in a workweek in their concurrent BHW and TSS positions. Id.

---

[1] Notably, the collective as described does not contain any reference to "non-billable" time.

2

Ms. Charles, Ms. Griffin and Mr. Simon all attest to generally working more than forty (40) hours of "billable" time per workweek. Id. The payroll records of Ms. Charles, Ms. Griffin and Mr. Simon show that they worked over 40 hours of "billable" time on several occasions. See, payroll records which will be filed as Exhibit A after resolution of the Defendant's Motion to Seal. Plaintiffs' declarations, however, do not provide any evidence that other employees in the concurrent BHW and TSS roles worked more than forty (40) "billable" hours in any given workweek. Id. In fact, the vast majority of the purported opt-in Plaintiffs either never or only rarely worked more than forty (40) "billable" hours in a workweek. See, Exhibit A. Of the present purported opt-in Plaintiffs, only one worked over forty (40) "billable" hours in a workweek in amounts similar to Plaintiffs. Id.

Moreover, Plaintiffs dispute Progressions' calculations of amounts owed to remedy the company's perceived compensation errors. Id. Specifically, the Plaintiffs complain that the checks provided by Progressions "did not include either the total amount of overtime compensation [they were] owed for "billable" work, nor did it include payment for liquidated damages under the FLSA." Id. Plaintiffs' declarations are completely devoid of an evidence to indicate that any amounts offered to be paid to any other employees similarly failed to include the total amount of overtime compensation owed for "billable" work. Id. Moreover, Plaintiffs' claims related to "non-billable" time are not clear. Id. Assuming Plaintiffs are claiming that amounts offered by Defendant to compensate for "non-billable" time were somehow deficient, Plaintiffs' declarations are completely devoid of any evidence to indicate that the amounts offered to other employees for "non-billable" time were similarly deficient. Id.

### III. LEGAL ARGUMENT

**A. Conditional Certification is Not Automatic and Should Not Be Granted Lightly**

Section 216(b) of the Fair Labor Standards Act sets forth the requirements for becoming a party plaintiff in a collective action. It provides:

> An action to recover . . . may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. §216(b).

Plaintiffs can only potentially litigate on behalf of "similarly situated" employees. Wright v. Lehigh Valley Hosp., 2010 U.S. Dist. LEXIS 86915 (E.D. Pa. 2010) (Schiller, J.). District courts have discretion to facilitate notice to potential members of the collective on whose behalf the collective action has been brought by allowing conditional certification of the collective. Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 169, 110 S. Ct. 482, 486, 107 L. Ed. 2d 480 (1989). Conditional certification is not really a certification of the class, but actually the Court's exercise of its discretionary power to facilitate the sending of notice to potential class members and is neither necessary nor sufficient for the existence of a representative action under the FLSA. Zavala v. Wal-Mart Stores Inc., 691 F.3d 527, 536 (3d Cir. 2012). The Court maintains the responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation. Freeman v. Wal-Mart Stores, Inc., 256 F. Supp. 2d 941, 944 (W.D. Ark. 2003).

Collective actions are intended to serve the interests of judicial economy and to aid in the vindication of plaintiffs' rights. Hoffman-La Roche, Inc., 493 U.S. at 165. The

4

Supreme Court has held that whether to authorize notice to others to "opt-in" is discretionary, not mandatory, and the touchstone for conditional certification is judicial efficiency. Id. at 169 – 170. The decision to authorize notice is not automatic. Smith v. Sovereign Bancorp., Inc. 2003 U.S. Dist. LEXIS 21010, *6-10 (E.D.Pa. 2003) (Schiller, J.)

Judicial efficiency is not achieved by lightly certifying a conditional collective action, allowing for extensive discovery into claims of numerous opt-in plaintiffs and later finding that collective litigation is not applicable or appropriate. Freeman, *supra*.("It would be a waste of the Court's and the litigants' time and resources to notify a large and diverse class only to later determine that the matter should not proceed as a collective action because the class members are not similarly situated."). Therefore, courts have denied conditional certification in cases wherein certification of the class would not promote judicial efficiency. See, e.g., Smith, *supra*. (Denying conditional certification as the congressional intent behind FLSA's opt-in requirement was to limit the potentially enormous size of FLSA representative actions); Bramble v. Wal-Mart Stores, Inc., 2011 U.S. Dist. LEXIS 39457, *18 (E.D.pa. 2011) (O'Neill, J.) (Denying certification noting that conditional certification should be denied where plaintiffs fail to satisfy their burden in order to avoid stirring up litigation through unwarranted solicitation); Trinh v. JP Morgan Chase & Co., 2008 U.S. Dist. LEXIS 33016 (S.D. Cal. 2008) (Denying certification because collective action would not advance goal of "judicial economy"); Villnueva-Bazaldua v. TruGreen Ltd. Ptnrs, 479 F. Supp. 2d 411, 418 (D. Del. 2007) (Denying conditional certification and stating that, "[g]iven the dearth of evidence presented by the plaintiff to show that certification of a collective action is appropriate in

this matter … this court is unwilling to expose the defendants to the burdens and costs necessarily imposed by the discovery process").

`      Automatic preliminary class certification is at odds with the Supreme Court's recommendation to "ascertain the contours of the [§ 216] action at the outset." Hoffman La-Roche, 107 L. Ed. 2d 480 at 487. The opt-in requirement was intended to reduce excessive litigation spawned by plaintiffs lacking a personal interest in the outcome. Id. If district courts do not take basic steps to ensure that opt-in notices are sent only to potential plaintiffs who "have a personal interest" in the employer's challenged policy, the congressionally-mandated line between representative actions under FLSA and class actions under Rule 23 will be substantially blurred. Smith, 2003 U.S. Dist. LEXIS 21010 at *8-9.

### B. Plaintiffs Fail to Meet Even the Modest Burden of Showing a Prospective Collective of Similarly Situated Individuals

Plaintiffs may only proceed with a collective action under the FLSA if they are "similarly situated" to the members of their proposed collective. See, 29 U.S.C. § 216(b). The determination of whether FLSA claimants are "similarly situated" for the purposes of § 216(b) is a two-step procedure. Smith, *supra*.

The burden for conditionally certifying a collective action requires the lead plaintiffs to show that the employees enumerated in the complaint can be provisionally categorized as similarly situated to the named plaintiff with respect to their claims. Symczyk v. Genesis HealthCare Corp., 656 F.3d 189, 193 - 194 (3d Cir. 2011). Plaintiffs must produce evidence "beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected [them] and the manner in which it affected other employees." Id.

Although plaintiffs' burden to establish a right to conditional certification is modest, it is "not nonexistent and the factual showing, even if modest, must still be based on some substance." Bramble, *supra*. See also, Colson v. Avnet, Inc., 687 F. Supp. 2d 914, 929-30, 2010 U.S. Dist. LEXIS 12620, *37, 15 Wage & Hour Cas. 2d (BNA) 1739 ("Although the burden for certifying a FLSA lawsuit for collective action notification is light, there are limits, and the district court cannot function as a rubber stamp for any and all claims that come its way under this statute."); Bunyan v. Spectrum Brands, Inc., No. 07-0089, 2008 U.S. Dist. LEXIS 59278 (S.D. Ill. Jul. 31, 2008) ("The 'modest factual' showing does require at least some minimal support for Plaintiffs' allegation that they, along with potential plaintiffs, are similarly situated.")

In order to "avoid the 'stirring up' of litigation through unwarranted solicitation," conditional certification should be denied where plaintiffs fail to satisfy their burden. Bramble, *supra*. Plaintiffs have failed to satisfy their burden here as the claimed collective and putative opt-in Plaintiffs are not similarly situated to the Plaintiffs.

Plaintiffs are currently employed concurrently as both Behavioral Health Workers (BHW) and Therapeutic Staff Support (TSS). D.N. 24-2, pp. 1-12. They allege that they were denied overtime compensation for the aggregate "billable" hours worked in both the BHW and TSS positions over forty (40) hours in any workweek over the past three (3) years. Id. Their claim relates to Progressions' claimed failure to properly aggregate hours for employees performing concurrent BHS and TSS roles. Employees who worked solely in either a BHW or TSS role are not similarly situated to Plaintiffs. They cannot claim that a failure to aggregate the BHW and TSS time caused them to not receive overtime pay.

7

In the instant matter, notifying a collective who did not work concurrently in the BHW <u>and</u> TSS positions would be improper. Plaintiffs claim an error in calculating their "billable" work hours from work performed as BHW <u>and</u> TSS. <u>Id</u>. That is not at issue for person working only separately as a BHW or a TSS. Therefore, any employee not employed in both the BHW <u>and</u> TSS positions are not similarly situated to the named Plaintiffs.

Moreover, there is no evidence that any other putative collective action members regularly worked over forty (40) "billable" hours in any work week. Plaintiffs' declarations do not provide any insight into the "billable" hours worked by other employees. <u>Id</u>. Moreover, payroll records for the opt-in Plaintiffs demonstrate that the vast majority never, or only rarely, worked in excess of forty (40) "billable" hours in any workweek. <u>See</u>, Exhibit A. Accordingly, the present purported opt-in Plaintiffs are not similarly situated.

### C. Assessment of the Amounts Due to Remedy the Perceived Error Requires Individual Analysis

The right to proceed collectively will also be foreclosed where an action relates to specific circumstances personal to the lead plaintiffs. <u>See</u>, <u>Bramble</u>, *supra*. Courts must consider whether the putative collective action members' claims are amenable to proof by common evidence or, instead, whether each person's claim will hinge on his or her "individualized" circumstances. <u>Id.</u> at *8; <u>Chandler v. Heartland Employment Servs., LLC</u>, 2014 U.S. Dist. LEXIS 59113 (E.D. Pa. 2014) (Restrepo, J.) (Denying conditional certification where claims could not ultimately be proven by "common evidence" and "hinge[ed] on his or her 'specific circumstances'")

Plaintiffs claim to have not been compensated properly for "billable" overtime

8

work hours which they "regularly worked." See, D.N. 24-2, pp. 1-12. While Plaintiffs attest that the amounts of Progressions remedial calculations were in error in their case, there is nothing in the declarations to indicate that any other employees experienced similar errors. Id. Moreover, Plaintiffs' claims related to "non-billable" time remain unclear and ignore Defendant's attempts to remedy any perceived errors. Id. Plaintiffs declarations fail to state that calculation of the "non-billable" time owed to them or to any prospective member of the collective were inaccurate. Id.

Determinations related to the calculation of unpaid "billable" and "non-billable" time, possible unpaid overtime and the accuracy of the company's remedial calculations will involve individualized facts and individualized assessments. Accordingly, Plaintiffs claims are not appropriate for assessment as a collective. See, Chandler, *supra*.

### D.  Plaintiffs Suggested Notice is Deficient and Prejudicial

Alternatively, should the Court conditionally certify the collective, the notice proposed by Plaintiffs must be revised to reference:

- only employees working as BHW and TSS (not BHW and/or TSS)
- only employees working in Philadelphia
- only employees who performed over 40 hours of "billable" work and,
- only employees working in the past two years.[2]

See, D.N. 24-3, pp.17-21. Defendant also objects to the language used in Sections II, III, IV, V, VII and VIII as inaccurate and containing prejudicial surplusage. Moreover, the proposed notice fails to alert the members of the collective to the potential for costs awarded to Defendant if they are a prevailing party. See, Dunkel c. Warrior Energy Servs., 304 F.R.D. 193 (W.D.Pa. 2014). Should the Court permit notice, the following language should be included:

---

[2] The record is devoid of any evidence demonstrating willfulness on the part of Progressions.

> If at the end of the case the Court concludes that the Defendants were the prevailing party, the Defendants may request that the Court award courts costs to them and against the Plaintiffs in this case. Plaintiffs could oppose any such request. Those court costs could include fees for transcripts and printing, witness fees, certain copying costs, docket fees and the fees of any Court-appointed experts. They could not include the Defendants' attorneys or expert fees. Whether any such court costs would be awarded would be determined by the Court at the appropriate time.

See, Dunkel, *supra*.

## IV.   CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' Motion to Proceed as Collective and Facilitate Notice Under 29 U.S.C. §216(b) as Plaintiffs have not met the modest burden of demonstrating the existence of other similarly situated employees as required for conditional certification. Alternatively, the Court should require a more precise and less prejudicial notice.

Respectfully submitted,

**REILLY, JANICZEK, MCDEVITT HENRICH & CHOLDEN, P.C.**

By:   */s/ Susan M. Valinis*
Susan M. Valinis, Esquire
Identification No. 86685
svalinis@rjm-law.com
Leah A. Lewis, Esquire
Identification No. 311566
llewis@rjm-law.com
Reilly, Janiczek, McDevitt,
Henrich & Cholden, P.C.
The Widener Building, Suite 410
One South Penn Square
Philadelphia PA  19107
Tel (215) 972-5200
Attorneys for Defendant Progressions
Behavioral Health Services, Inc.

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TRACY CHARLES, et. al.**<br><br>**Plaintiff,**<br><br>vs.<br><br>**PROGRESSIONS BEHAVIORAL HEALTH SERVICES, INC.,**<br><br>**Defendant.** | **EDPA NO.: 2:17-CV-02439-JP** |

## ORDER

AND NOW, this day of _____, 2018, upon consideration of Plaintiffs' Motion to Proceed as a Collective Action and Facilitate Notice Under 29 U.S.C. §216(b), and Defendant, Progressions Behavioral Health Services, Inc.'s Opposition thereto, it is hereby ORDERED and DECREED that Plaintiffs' Motion is DENIED.

_____
Hon. John R. Padova, USDJ

## **CERTIFICATE OF SERVICE**

I, Susan M. Valinis, Esquire, hereby certify that a true and correct copy of the foregoing was electronically filed and is available for viewing on the Court's ECF system. All counsel of record will be served via CM/ECF system.

Respectfully submitted,

**REILLY, JANICZEK, MCDEVITT HENRICH & CHOLDEN, P.C.**

By: */s/ Susan M. Valinis*
 Susan M. Valinis, Esquire
 Identification No. 86685
 svalinis@rjm-law.com
 Leah A. Lewis, Esquire
 Identification No. 311566
 llewis@rjm-law.com
 Reilly, Janiczek, McDevitt,
 Henrich & Cholden, P.C.
 The Widener Building, Suite 410
 One South Penn Square
 Philadelphia PA  19107
 Tel (215) 972-5200
 Attorneys for Defendant Progressions
 Behavioral Health Services, Inc.