IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TRACY CHARLES, ET AL.   :   CIVIL ACTION
            :
   v.         :
            :
PROGRESSIONS BEHAVIORAL HEALTH :
SERVICES, INC.      :   NO. 17-2439

**MEMORANDUM**

**Padova, J.**                     **April 16, 2018**

Plaintiffs Tracy Charles, Shanna Griffin, and Antonio Simon filed a Collective and Class Action Complaint against their employer, Defendant Progressions Behavioral Health Services, Inc., asserting claims for unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et. seq., the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. § 333.101 et seq., and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 Pa. Stat. Ann. § 260.1 et seq. Defendant has moved to dismiss the FLSA claim and WPCL claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, we deny Defendant's Motion.

## I. BACKGROUND

The Complaint alleges that the three named Plaintiffs are current employees of Defendant and work for Defendant both as Behavioral Health Workers and Therapeutic Staff Support. (Compl. ¶¶ 2, 32-37.) During their employment, Plaintiffs have regularly worked more than forty hours per week, but have not been paid overtime wages of 1.5 times their regular rate of pay for those hours in excess of forty. (Id. ¶ 2.) The Complaint alleges that there were two reasons for Defendant's failure to pay Plaintiffs overtime. (Id.) First, Defendant did not aggregate Plaintiffs' hours in their two positions (Behavioral Health Worker and Therapeutic Staff Support) but, instead, calculated Plaintiffs' hours in the two positions separately for overtime purposes.

(Id.)  Second, Defendant did not pay Plaintiffs for certain work it deemed "non-billable," such as time spent traveling, mandatory job training, completing paperwork, submitting reports on Defendant's client management software, and interacting with clients by phone or email.  (Id. ¶¶ 2, 18.)  The Complaint alleges that neither reason was legitimate and that Plaintiffs were therefore denied overtime pay to which they were entitled.  (Id. ¶¶ 59-64.)  It further alleges that, in spite of provisions in Defendant's Employee Handbook stating that full-time employees are to be paid for all hours worked and overtime, and are entitled to paid time off, Plaintiffs were not paid for all hours worked or for overtime, and were not given the paid time off to which they were entitled. (Id. ¶¶ 79-80, 82-86.)

The Complaint contains three Counts.  Count I asserts a claim under the FLSA, based on Defendant's failure to properly pay Plaintiffs overtime at 1.5 times their regular rate of pay. Count II asserts a claim pursuant to the PMWA, based on Defendant's failure to pay overtime and to pay Plaintiffs for all hours worked.  Count III asserts a claim under the WPCL, based on Defendant's failure to both pay Plaintiffs overtime and provide them with paid time off.

## II.   LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).  We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff.  DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (citing Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011)).  Legal conclusions, however, receive no deference, as the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'"  Wood v. Moss,

134 S. Ct. 2056, 2065 n.5 (2014) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" <u>Warren Gen. Hosp.</u>, 643 F.3d at 84 (quoting <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' --'that the pleader is entitled to relief.'" <u>Iqbal</u>, 556 U.S. at 679 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> at 678 (citing <u>Twombly</u>, 550 U.S. at 556). In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "'to raise a right to relief above the speculative level.'" <u>W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank</u>, 712 F.3d 165, 169 (3d Cir. 2013) (quoting <u>Twombly</u>, 550 U.S. at 555).

## III.   DISCUSSION

Defendant has moved to dismiss Count I, the FLSA claim, and Count III, the WPCL claim.

### A.   <u>FLSA</u>

In its Motion, Defendant argues that we should dismiss the FLSA claim in its entirety because the Complaint seeks to assert a claim on behalf of Behavioral Health Workers <u>and/or</u> Therapeutic Staff Workers (<u>see, e.g.</u>, Compl. ¶¶ 18, 23), but only alleges facts to support a claim concerning individuals who worked as <u>both</u> Behavioral Health Workers and Therapeutic Staff

Workers during the same time period (see id. ¶¶ 32-37). In its Reply Brief, Defendant appears to modify its argument, asserting that Plaintiffs should be allowed to proceed on their FLSA claim, but only insofar as it asserts a claim on behalf of individuals employed in dual roles of Behavioral Health Worker and Therapeutic Staff. (See Def.'s Reply Mem. at 1-2.)

As noted above, the Complaint alleges that the three named Plaintiffs in this action are individuals who worked simultaneously for Defendant as Behavioral Health Workers and Therapeutic Staff Workers. (Compl. ¶¶ 2, 32-37.) All three allege that they were denied overtime because Defendant both failed to aggregate their hours in their dual roles and failed to pay them for hours it deemed "non-billable." (Id. ¶ 2.) Defendant does not argue that these three Plaintiffs have not stated an FLSA claim upon which relief can be granted under the Rule 12(b)(6) standard. Rather, it argues that the Complaint does not state a claim on behalf of other, unnamed plaintiffs, who the named Plaintiffs seek to include in their collective action and who only worked as either Behavioral Health Workers or Therapeutic Staff Workers, never holding dual roles.

We will not, however, dismiss Plaintiffs' FLSA claim for failure to state a claim upon which relief can be granted based solely on an assertion that the Complaint's description of the class of employees that Plaintiffs seek to include in their collective action is overinclusive. Rather, whether Plaintiffs may file an action on behalf of others who are not identically-situated to them is a question that we will address in connection with Plaintiffs' pending Motion to Proceed as a Collective Action. See 29 U.S.C. § 216(b) (permitting employee to maintain a collective action against their employer "for and in behalf of . . . themselves and other employees similarly situated"); Wright v. Lehigh Valley Hosp., Civ. A. No. 10-431, 2010 WL 3363992, at *2 (E.D. Pa. Aug. 24, 2010) (stating that plaintiff seeking certification of an FLSA collective action must show that the proposed "class members are 'similarly situated'" (quoting Bamgbose v. Delta-T Group, Inc., 684 F. Supp. 2d 660, 667 (E.D. Pa. 2010))). At this stage of the proceedings, we conclude

only that the three named Plaintiffs have stated an FLSA claim upon which relief may be granted, which Defendant concedes. Accordingly, we deny Defendant's Motion insofar as it seeks dismissal of Plaintiffs' FLSA claim.

      B.     WPCL

Defendant argues that we should dismiss Plaintiffs' WPCL claim because the Complaint fails to plausibly allege that it and Plaintiffs were parties to an employment contract, much less an employment contract that obligated them to pay Plaintiff wages for all hours worked, overtime and paid time off.

The WPCL does not establish any substantive rights; it simply provides a statutory remedy for an employee when the employer breaches a contractual obligation to pay earned wages. Weldon v. Kraft, Inc., 896 F.2d 793, 801 (3d Cir. 1990); Rosario v. First Student Management, LLC, 247 F. Supp. 3d 560, 567 (E.D. Pa. 2017). Thus, "[t]he contract between the parties governs in determining whether specific wages are earned." Weldon, 896 F.2d at 801. The WPCL defines the term "wages" to "[i]nclude[] all earnings of an employe[e]," which "includes fringe benefits or wage supplements." 43 Pa. Stat. Ann. § 260.2a. The term "[f]ringe benefits or wage supplements" is defined to encompass "separation, vacation, holiday, or guaranteed pay . . . and any other amount to be paid pursuant to an agreement to the employe[e]." Id.

Here, the Complaint alleges that "Plaintiffs . . . and Defendant entered into an agreement that all non-exempt, hourly employees of Defendant would be paid their regular rate for all regular hours that they work, and paid time and one-half for any overtime hours they work over forty in a week." (Compl. ¶ 85.) It further alleges that Plaintiffs "entered into an agreement with Defendant in which Defendant agreed that all full–time employees of Defendant, i.e. those who consistently and regularly work thirty (30) hours or more per week, would be eligible to earn paid time off." (Id. ¶ 104.) The Complaint refers to the Employee Handbook, and alleges that the

Handbook reflects that full-time employees are entitled to these same specified wages and benefits.  (Id. ¶¶ 79, 84.)

Defendant argues that these "threadbare" references to an agreement fail to identify any actual contract between Plaintiffs and Defendant.  (Def.'s Mot. at 4.)  It further argues that a handbook can only constitute a contract if it does not contain a "disclaimer announcing that the handbook is not intended as a contract" and points out that the Complaint does not allege that the Handbook is missing such a disclaimer.  Bosler v. Bio-Medical Application of Pa., Civ A. 14-1530, 2015 WL 479914, at *3 (E.D. Pa. Feb. 4, 2015) (citing Rutherfoord v. Presbyterian Univ. Hosp., 612 A.2d 500, 504 (Pa. Super. Ct. 1992)).

To state a claim for breach of contract under Pennsylvania law, a complaint must allege: "'(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages.'"  Kaymark v. Bank of Am., N.A., 783 F.3d 168, 182 (3d Cir. 2015) (quoting Omicron Sys., Inc. v. Weiner, 860 A.2d 554, 564 (Pa. Super. Ct. 2004)).  The Complaint alleges that the parties entered into an agreement that was memorialized in the Handbook and required Defendant to pay Plaintiffs wages for all hours worked and overtime, and to afford them paid time off.  (Compl. ¶¶ 79-80, 84-85.)  It further alleges that Defendant breached those promises by failing to pay Plaintiffs overtime wages and paid time off, and that Plaintiffs were therefore denied pay to which they were entitled.  (Id. ¶¶ 82, 86.)  We therefore conclude that the Complaint alleges the existence of a contractual breach for which a claim can be asserted under the WPCL.  While Defendant argues that the Complaint does not state a plausible WPCL claim, at least in part because it does not allege whether or not the Handbook contains a disclaimer announcing that the Handbook is not a contract, we conclude that the lack of this

allegation – in the face of no assertion that the Handbook actually contains such a disclaimer[1] – simply does not render the WPCL claim implausible.   We therefore deny Defendant's Motion to Dismiss insofar as it seeks dismissal of the WPCL claim.

## IV.    CONCLUSION

For the foregoing reasons, we deny Defendant's Motion to Dismiss.   An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.

---

[1] Because Plaintiffs' WPCL claim is based on the Employee Handbook, we could consider the Handbook in connection with the Motion to Dismiss.   Mayer, 605 F.3d at 230 (citing Pension Benefit Guar. Corp., 998 F.2d at 1196).   However, neither party has submitted the Handbook in connection with Defendant's Motion.   Accordingly, we simply accept the Complaint's allegations as true with regard to the Handbook's contents.