**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **TRACY CHARLES, et. al.**<br><br>**Plaintiff,**<br><br>vs.<br><br>**PROGRESSIONS BEHAVIORAL HEALTH SERVICES, INC.,**<br><br>**Defendant.** | **EDPA NO.: 2:17-CV-02439-JP** |

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR EQUITABLE TOLLING

Susan M. Valinis, Esquire
Identification No. 86685
svalinis@rmh-law.com
Molly C. Reilly, Esquire
Identification No. 313713
mreilly@rmh-law.com
Reilly, McDevitt & Henrich, P.C.
The Widener Building, Suite 410
One South Penn Square
Philadelphia PA  19107
Tel (215) 972-5200
Attorneys for Defendant Progressions
Behavioral Health Services, Inc.

## Table of Contents

I.      Introduction …………………………………………………………………4

II.     Factual Background ……………………………………………………………4

III.    Legal Argument ……………………………………………………….......4

IV .    Conclusion…………………………………………………………………..7

## <u>Table of Authorities</u>

**Page(s)**

<u>Alvarez v. BI Inc.</u>, No. 16-2705, 2018 U.S. Dist. LEXIS 83901, at *38
(E.D. Pa. May 17, 2018)…………………………………………………… ……**4, 6**

<u>Antonio-Morales v. Bimbo's Best Produce, Inc.</u>, 2009 U.S. Dist. LEXIS
51833, at *3 (E.D. La. Apr. 20, 2009)………… ………………………………………**4, 5**

<u>DePalma v. Scotts Co. LLC</u>, No. 13-7740, 2017 U.S. Dist. LEXIS 8884,
at *5-6 (D.N.J. Jan. 20, 2017).....................................................................……..**5, 6**

<u>Holmberg v. Armbrecht</u>, 327 U.S. 392, 66 S. Ct. 582, (1946)……………………….....**5**

<u>Santos v. United States</u>, 559 F.3d 189, 197 (3d Cir. 2009)……………………………….**4**

<u>Titchenell v. Apria Healthcare Inc.</u>, No. 11-cv-563, 2012 U.S. Dist.
LEXIS 122759, 2012 WL 3731341, at *7 (E.D. Pa. Aug. 29, 2012)……………………..**7**

<u>Vargas v. Gen. Nutrition Ctrs.</u>, No. 10-cv-867, 2012 U.S. Dist.
LEXIS 154073, 2012 WL 5336166, at *7-9 (W.D. Pa. Oct. 26, 2012)…………………..**6**

## I.   Introduction

Progressions Behavioral Health Services, Inc. ("PBHSI") and Progressions

Companies, Inc. ("Progressions Companies") by and through its undersigned counsel,

hereby opposes Plaintiffs' Motion for Equitable Tolling ("Motion for Equitable

Tolling").

## II.   Factual Background

Plaintiffs, Tracy Charles, Shanna Griffin and Antonio Simon are employed

concurrently by PBHSI as Behavioral Health Workers ("BHW") and Therapeutic Staff

Support ("TSS").  By their complaint filed May 30, 2017, Tracy Charles, Shanna Griffin

and Antonio Simon, purport to represent a collective of employees employed by PBHSI

and aggrieved under the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum

Wage Act ("MWA") and the Pennsylvania Wage Payment and Collection Law

("WPCL").  Plaintiffs now request equitable tolling of the Prospective Class Members'

FLSA claims.  Answering Defendants assert that this case is not one where the court

should grant equitable tolling.

## III.   Legal Argument

Equitable tolling is an "extraordinary" remedy to be applied "only sparingly."

Alvarez v. BI Inc., No. 16-2705, 2018 U.S. Dist. LEXIS 83901, at *38 (E.D. Pa. May 17,

2018) citing Santos v. United States, 559 F.3d 189, 197 (3d Cir. 2009).  The burden of

demonstrating that equitable tolling is appropriate lies with the party seeking to assert it.

Id.

Plaintiffs rely on Antonio-Morales v. Bimbo's Best Produce, Inc., 2009 U.S. Dist.

LEXIS 51833, at *3 (E.D. La. Apr. 20, 2009) to support their contention that equitable

tolling is routinely granted in FLSA cases.  However, the <u>Antonio-Morales</u> matter

involved an action brought by 19 Mexican nationals who asserted claims under the

Trafficking Victims Protection Act, the FLSA, and Louisiana contract and battery law.

<u>Id</u>.  Their non-FLSA claims were stayed per statutory mandate and as such, the court

found it was impractical and inequitable to require Plaintiffs to move forward on their

related FLSA claims while the other claims were stayed.  <u>Id</u>.  Additionally, Plaintiffs rely

on <u>Holmberg v. Armbrecht</u>, 327 U.S. 392, 66 S. Ct. 582, (1946).  However, the

<u>Holmberg</u> matter does not involve FLSA claims.

The court has held that "[t]here are three classic, but nonexclusive, scenarios in

which the inequity of enforcing a statute of limitations against an **unwary** plaintiff is so

obvious that tolling may be appropriate".  <u>DePalma v. Scotts Co. LLC</u>, No. 13-7740,

2017 U.S. Dist. LEXIS 8884, at *5-6 (D.N.J. Jan. 20, 2017) (emphasis added).  First, it

should be noted that the potential opt-in Plaintiffs in the subject case are not "unwary".

In the Spring of 2017, PBHSI attempted to correct a perceived error in its

calculation of employee time. <u>See</u>, Docket Number (D.N.) 24-3, pp. 2-6. In doing so,

PBHSI requested all employees to submit "non-billable" time for the preceding two

years. PBHSI also implemented a new time entry system, E-time, to more accurately

track employee "billable" and "non-billable" time. <u>Id</u>.  Employees were requested to

submit their own calculations for monies they believe were owed to them.  Accordingly,

potential opt-in Plaintiffs have been aware of a perceived error in its calculation of

employee time and payment since Spring of 2017.

The <u>DePalma</u> case identified three scenarios where it would be inequitable to

enforce a statute of limitations: (1) where the defendant has actively misled the plaintiff

respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary

way has been prevented from asserting his or her rights; or (3) where the plaintiff has

timely asserted his or her rights mistakenly in the wrong forum.  DePalma v. Scotts Co.

LLC, No. 13-7740, 2017 U.S. Dist. LEXIS 8884, at *1 (D.N.J. Jan. 20, 2017).  None of

these scenarios exist in this case.

First, Answering Defendants have no way misled potential Plaintiffs regarding

this action.  Conversely, PBHSI alerted potential opt-in Plaintiffs in a good faith attempt

to remedy those issues without the need for costly litigation.  See, Docket Number (D.N.)

24-3, pp. 2-6.

Second, nothing has prevented Plaintiffs from asserting their rights.  While this

action has been pending, there was no barrier to any potential opt-in Plaintiff from

independently asserting their rights.

This Court, however, has denied motion for equitable tolling where Plaintiffs'

sole basis for the tolling is a delay in the ruling on the Motion for Certification of the

Collective Action. Alvarez v. BI Inc., No. 16-2705, 2018 U.S. Dist. LEXIS 83901, at

*42-43 (E.D. Pa. May 17, 2018).  The Court held that "the passage of time while a

conditional certification motion is under consideration is, unfortunately, not

'extraordinary,' but rather a routine aspect of litigation". Id. See also, Vargas v. Gen.

Nutrition Ctrs., No. 10-cv-867, 2012 U.S. Dist. LEXIS 154073, 2012 WL 5336166, at

*7-9 (W.D. Pa. Oct. 26, 2012) (Declining to equitably toll the nearly one-year period that

the filing of a motion for conditional certification was under consideration, noting that

such delay was neither "extraordinary" nor attributable to wrongdoing on the part of the

defendant, and that the delay did not "prohibit[] any of [the] putative members . . . from

pursuing an individual or collective action for relief") and <u>Titchenell v. Apria Healthcare</u>
<u>Inc.</u>, No. 11-cv-563, 2012 U.S. Dist. LEXIS 122759, 2012 WL 3731341, at *7 (E.D. Pa.
Aug. 29, 2012) (Noting that equitable tolling is not appropriate "[i]n the average case in
which delay is attributable  to the normal litigation process," and that lack of "timely
knowledge of the existence of the collective action" and "an opportunity to file a written
opt in form . . . are not extraordinary circumstances that justify equitable tolling").

Plaintiffs do not contend that the third exception, timely asserting rights in the
wrong forum, is applicable to this matter and as such the same will not be addressed in
this Opposition.

Accordingly, Plaintiffs fail to meet their burden to establish extraordinary
circumstances why this Honorable Court should equitably toll the statute of limitations, a
remedy that Plaintiffs admit should only be granted sparingly.

## IV.    <u>Conclusion</u>

For the foregoing reasons, this Court should deny Plaintiffs' Motion for Equitable
Tolling and enter the attached Order denying Plaintiffs' Motion.


Respectfully submitted,

**REILLY, MCDEVITT & HENRICH, P.C.**


By:    */s/ Susan M. Valinis*_____
Susan M. Valinis, Esquire
Identification No. 86685
svalinis@rmh-law.com
Molly C. Reilly, Esquire
Identification No. 313713
mreilly@rmh-law.com
Reilly, McDevitt & Henrich, P.C.
The Widener Building, Suite 410
One South Penn Square

Philadelphia PA  19107
Tel (215) 972-5200
Attorneys for Defendant Progressions
Behavioral Health Services, Inc.

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **TRACY CHARLES, et. al.**<br><br>**Plaintiff,**<br><br>             **vs.**<br><br>**PROGRESSIONS BEHAVIORAL HEALTH SERVICES, INC.,**<br><br>**Defendant.** | **EDPA NO.: 2:17-CV-02439-JP** |

## <u>ORDER</u>

AND NOW, this day of _____, 2018, upon consideration of Plaintiffs' Motion for Equitable Tolling and Defendants, Progressions Behavioral Health Services, Inc. and Progressions Companies, Inc.'s Opposition thereto, it is hereby **ORDERED** and **DECREED** that Plaintiffs' Motion is **DENIED**.

_____
Hon. John R. Padova, USDJ

9

## CERTIFICATE OF SERVICE

I, Susan M. Valinis, Esquire, hereby certify that a true and correct copy of the foregoing was electronically filed and is available for viewing on the Court's ECF system. All counsel of record will be served via CM/ECF system.

Respectfully submitted,

**REILLY, MCDEVITT & HENRICH, P.C.**

By: ___*/s/ Susan M. Valinis*_____
      Susan M. Valinis, Esquire
      Identification No. 86685
      svalinis@rmh-law.com
      Molly C. Reilly, Esquire
      Identification No. 313713
      mreilly@rmh-law.com
      Reilly, McDevitt & Henrich, P.C.
      The Widener Building, Suite 410
      One South Penn Square
      Philadelphia PA  19107
      Tel (215) 972-5200
      Attorneys for Defendant Progressions
      Behavioral Health Services, Inc.
      and Progressions Companies, Inc.