IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACY CHARLES, ET AL. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PROGRESSIONS BEHAVIORAL HEALTH | : | |
| SERVICES, INC., ET AL. | : | NO. 17-2439 |

**ORDER**

**AND NOW**, this 17th day of July, 2019, upon consideration of Plaintiffs' Unopposed Motion for an Order Approving the Settlement Agreement and Granting Service Awards (Doc. No. 103), Unopposed Motion for an Order Awarding Attorneys' Fees and Reimbursement of Expenses (Doc. No 104), and July 12, 2019 supplemental filing (Doc. No. 105), the combination of which seeks approval of the parties' settlement of claims under the Fair Labor Standards Act, **IT IS HEREBY ORDERED** as follows:

1. Both Motions are **GRANTED**.[1]

---

[1] When presented with a proposed settlement of a claim under the Fair Labor Standards Act ("FLSA"), a court must "first determine whether it resolves a bona fide dispute, *i.e.*, a dispute that involves 'factual issues rather than legal issues such as the statute's coverage and applicability.'" Rubbo v. Peoplescout, Inc., Civ. A. No. 16-4903, 2017 WL 2010311, at *2 (E.D. Pa. May 11, 2017) (quoting Kraus v. PA Fit II, LLC, 155 F. Supp. 3d 516, 530 (E.D. Pa. 2016)). "If the dispute is bona fide, the Court engages in a two-part inquiry: First, the Court must determine if the settlement fair and reasonable to the . . . employees involved." Id. (citation omitted). "If it is, the Court then considers 'whether the agreement furthers or impermissibly frustrates the implementation of FLSA in the workplace.'" Id. (quoting McGee v. Ann's Choice, Inc., Civ. A. No. 12-2664, 2014 WL 2514582, at *2 (E.D. Pa. June 4, 2014)).

Here, it is plain that the proposed settlement agreement resolves a bona fide dispute. Plaintiffs allege that Defendants violated the FLSA by (1) failing to aggregate Plaintiffs' "billable" hours worked in their positions of Behavioral Health Worker and Therapeutic Staff Support when determining Plaintiffs' total hours worked for overtime purposes, and (2) failing to track and count the hours that the Plaintiffs spent performing certain non-billable activities when determining overtime hours. Defendants have vigorously defended themselves against Plaintiffs' claims and have consistently denied miscalculating Plaintiffs' overtime pay. There is therefore a bona fide dispute as to factual issues.

We further find that the settlement is fair and reasonable to the employees involved. Pursuant to the Settlement Agreement, Defendants will pay $400,000.00, $30,000 of which will be

2. The parties' settlement agreement, attached as Exhibit 2 to the Motion for Approval of the Settlement Agreement, is **APPROVED**.

3. This action is **DISMISSED** with prejudice and without costs pursuant to Local Rule 41.1(b).

BY THE COURT:

/s/ John R. Padova, J.

John R. Padova, J.

---

paid as $10,000 incentive awards to the three named Plaintiffs, each of whom was actively involved in the litigation; $143,938.36 of which will reimburse counsel for attorneys' fees and costs; $6,000.00 will go to the claims administrator; and the remaining $220,061.64 will be distributed to the sixty-two Class Plaintiffs on a pro-rata basis in proportion to the economic harm that each plaintiff experienced due to the alleged wage and hour violations. The pro-rata recovery amounts range from a low of $295.69 to a high of $16,408.43. These amounts represent approximately 55% of Plaintiffs' claimed damages. While Plaintiffs' recovery could be greater if they were to prevail in full at trial, their recovery in relation to their estimated wages owed is certainly fair and reasonable given, inter alia, the difficulty of proving the amount of each Plaintiff's "off-the-clock" non-billable work and the parties' disagreement as to how to estimate the amount of such work. We also note that this settlement resulted from hard-fought litigation, considerable investigation and discovery, significant time in mediation, and, ultimately, a settlement conference with Magistrate Judge Timothy Rice. Furthermore, experienced Class Counsel views the settlement as fair and reasonable, and no Plaintiff has objected to the settlement.

We also find reasonable counsel's proposed attorney fee award, which is based on a percentage-of-recovery method. Specifically, counsel requests a fee award amounting to 35% of the $400,000 settlement amount, which is consistent with the contingent fee agreement that the named Plaintiffs entered into with counsel. The award is appropriately reflective of the time and effort that counsel have devoted to this case, which has been pending for two years, required counsel to defend against a motion to dismiss and litigate both Plaintiffs' right to proceed as a class action as well as their entitlement to equitable tolling, involved in considerable discovery, and required multiple protracted efforts to mediate the now-proposed settlement. It is also appropriate given the risks counsel incurred in pursuing the litigation and the substantial results achieved. Finally, the fee survives a lodestar cross-check, which considers the hours and billing rates of the attorneys involved (363.83 hours at rates between $225 and $400) and produces an acceptable lodestar multiplier of 1.24. See In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 148 F.3d 283, 341 (3d Cir. 1998) ("[M]ultiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied." (quoting 3 Herbert B. Newberg and Alba Conte, Newberg on Class Actions, § 14.03 at 14–5 (3d ed. 1992))).

Finally, we conclude that the settlement agreement does not frustrate the implementation of the FLSA in the workplace. For all of these reasons, we approve the parties' proposed settlement agreement, including the award of attorneys' fees and costs, and the incentive awards.